**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:

LISA RUDOLPH,

                Plaintiff,

v.

COMMERCIAL RECOVERY SYSTEMS, INC., a Texas corporation,

                Defendant.

---

## COMPLAINT AND JURY DEMAND

---

### JURISDICTION

1.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.     This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3.     Venue is proper in this Judicial District.

4.     The acts and transactions alleged herein occurred in this Judicial District.

5.     The Plaintiff resides in this Judicial District.

6.     The Defendant transacts business in this Judicial District.

### PARTIES

7.     Plaintiff Lisa Rudolph is a natural person.

8.     The Plaintiff resides in the City of Arvada, County of Jefferson, State of Colorado.

9.      The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10.     The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11.     Defendant Commercial Recovery Systems, Inc. is a Texas corporation operating from an address at 8035 E RL Thornton Freeway, Suite 220, Dallas, Texas, 75228.

12.     The Defendant's registered agent in the state of Colorado is The Corporation Company, 1675 Broadway, Suite 1200, Denver, Colorado, 80202.

13.     The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14.     The Defendant is licensed as a collection agency by the state of Colorado.

15.     The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16.     The Defendant regularly attempts to collect debts alleged to be due another.

17.     The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

**FACTUAL ALLEGATIONS**

18.     Sometime before 2011 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on personal auto loan account owed to Triad Auto / Main Street Acquisiton Co. (hereinafter the "Account").

19.     The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20.     The Account went into default with Triad Auto / Main Street Acquisiton Co..

21. After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

22. The Plaintiff disputes the Account.

23. The Plaintiff requests that the Defendant cease all further communication on the Account.

24. The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

25. The Defendant acted at all times mentioned herein through its employee(s).

26. In the year prior to the filing of the instant action the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant made telephone call(s) to the Plaintiff and left voicemail message(s) for the Plaintiff.

27. In the year prior to the filing of the instant action the Plaintiff called the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant in response to the telephone call(s) and voicemail message(s).

28. The Defendant's purpose for these telephone call(s) and voicemail message(s) was to attempt to collect the Account.

29. The telephone call(s) and voicemail message(s) each individually conveyed information regarding the Account directly or indirectly to the Plaintiff.

30. The telephone call(s) and voicemail message(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

31.   The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant made telephone call(s) to the Plaintiff was to attempt to collect the Account.

32.   The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant had telephone conversation(s) with the Plaintiff was to attempt to collect the Account.

33.   The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant received telephone call(s) from the Plaintiff was to attempt to collect the Account.

34.   The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant left voicemail message(s) for the Plaintiff was to attempt to collect the Account.

35.   During the communication(s) the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account represented to the Plaintiff that she had a Court case pending against her, gave her a fake Court case number, that she had a civil judgment against her and that the civil judgment would be on her credit bureaus for 20 years.

36.   The Defendant's representations stated in paragraph 35 were false and were false representations in connection with the collection of a debt, the Account.

37.   During the communication(s) the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account represented to the Plaintiff that the Account is hurting the Plaintiff's credit scores

4

and that paying the Account is the only way to get the Account off of the credit bureau reports.

38. The Defendant's representations stated in paragraph 37 were false and were false representations in connection with the collection of a debt, the Account.

39. In the year prior to the filing of the instant action while attempting to collect the Account the Defendant left voicemail message(s) for the Plaintiff that did not provide meaningful disclosure of the caller's identity as required by FDCPA 1692d(6) and/or did not provide the language required by FDCPA 1692e(11).

40. On June 6, 2012 the Plaintiff sent the Defendant a letter via US Mail identifying the account and stating in part: "We dispute this debt because we don't know who your company is. Since we don't know what is going on we will not pay this debt." The letter contained the Plaintiff's name and home address.

41. The Defendant received this letter from the Plaintiff on or before June 13, 2012.

42. After the Defendant received the letter from the Plaintiff the Defendant while attempting to collect the Account called the Plaintiff and left voicemail message(s) for the Plaintiff.

43. The Plaintiff called the Defendant on June 1, 2012 to discuss the Account and to dispute the Account.

44. The Plaintiff and the Defendant had a telephone conversation regarding the Account on June 1, 2012.

45.     Upon information and belief the Defendant made an audio recording and/or audio recording(s) of the telephone conversation(s) it had with the Plaintiff on June 1, 2012.

46.     Upon information and belief the Defendant has a copy or copies of the audio recording(s) of the telephone conversation(s) it had with the Plaintiff on June 1, 2012.

47.     Upon information and belief the Defendant kept written documentation and / or computer record(s) that document telephone call(s) to the Plaintiff on the Account in the year prior to the filing of the instant action.

48.     Upon information and belief the Defendant kept written documentation and / or computer record(s) that document telephone call(s) from the Plaintiff to the Defendant on the Account in the year prior to the filing of the instant action.

49.     Upon information and belief the Defendant made audio recording(s) of some of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

50.     Upon information and belief the Defendant made audio recording(s) of all of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

51.      Upon information and belief the Defendant has a copy or copies of the audio recording(s) of some of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

52.     Upon information and belief the Defendant has a copy or copies of the

audio recording(s) of all of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

53.     Upon information and belief in the time between when it received this Complaint and Jury Demand and when a Answer to this Complaint and Jury Demand was filed on its behalf with the Court the Defendant made an inquiry and/or investigation as to whether it had any audio recording(s) of any telephone conversation(s) between the Defendant and the Plaintiff including the telephone conversation(s) on June 1, 2012.

54.     Upon information and belief the Defendant sent copy(s) of any audio recording(s) that it had of telephone conversation(s) between the Defendant and the Plaintiff including the telephone conversation(s) on June 1, 2012 to the attorney and/or the law firm who employs the attorney who is filing the Answer to this Complaint and Jury Demand on behalf of the Defendant.

55.      Upon information and belief the Defendant's copies of the audio recording(s) of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action substantiate the Plaintiff's allegations in this action.

56.     The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and action(s) constitute illegal communication in connection with debt collection and violate FDCPA 1692c(c).

57.   The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and action(s) constitute harassment or abuse and violate FDCPA 1692d preface and d(6).

58.   The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and action(s) constitute false or misleading representation(s) or mean(s) and violate FDCPA 1692e preface, e(2)(A), e(5), e(8), e(10) and e(11).

59.   The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and action(s) constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

60.   "For these reasons, I conclude that "meaningful disclosure" under 1692d(6) requires disclosing the debt collection company's name." Torres v. Procollect, Inc., --- F.Supp.2d ---, 2012 WL 1969280 (D.Colo. June 1, 2012).

61.   "The Act is a strict liability statute; violations of the Act do not need to be intentional to be actionable." Smith v. National Credit Systems, Inc., 807 F.Supp.2d 836, 840 (D.Az. 2011).

62.   "Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate "one violation of its provisions" to be entitled to a favorable judgment." Doshay v. Global Credit and Collection Corporation, 796 F.Supp.2d 1301, 1304 (D.Colo. 2011).

63.   As a consequence of the Defendant's collection activities and communication(s), the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

## RESPONDEAT SUPERIOR

64.   The representative(s) and / or collector(s) at the Defendant were employee(s) of the Defendant at all times mentioned herein.

65.   The representative(s) and / or collector(s) at the Defendant were agent(s) of the Defendant at all times mentioned herein.

66.   The representative(s) and / or collector(s) at the Defendant were acting within the course of their employment at all times mentioned herein.

67.   The representative(s) and / or collector(s) at the Defendant were acting within the scope of their employment at all times mentioned herein.

68.   The representative(s) and / or collector(s) at the Defendant were under the direct supervision of the Defendant at all times mentioned herein.

69.   The representative(s) and / or collector(s) at the Defendant were under the direct control of the Defendant at all times mentioned herein.

70.   The actions of the representative(s) and / or collector(s) at the Defendant are imputed to their employer, the Defendant.

71.   As a direct and proximate result of the aforesaid actions, the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

## COUNT I, FDCPA VIOLATION

72.   The previous paragraphs are incorporated into this Count as if set forth in full.

73.   The act(s) and omission(s) of the Defendant and its representative(s), employee(s) and / or agent(s) violated the FDCPA, § 1692c(c), § 1692d preface, d(6), § 1692e preface, e(2)(A), e(5), e(10), e(11) and § 1692f preface.

74.   Pursuant to FDCPA section 1692k the Plaintiff seeks damages, reasonable

attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7.,

Fed. R. Civ. Pro. 38.

## DEMAND FOR RELIEF

**WHEREFORE**, the Plaintiff requests that the Court grant the following:

1.   A finding that the Defendant violated the FDCPA and/or an admission from the

Defendant that it violated the FDCPA.

2.   Damages pursuant to 15 U.S.C. § 1692k(a).

3.   Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4.   Such other and further relief as the Court deems just and proper.

Respectfully submitted,

_s/ David M. Larson    _____
David M. Larson, Esq.
88 Inverness Circle East, Suite I-101
Englewood, CO 80112
(303) 799-6895
Attorney for the Plaintiff